# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CATHERINE INGRID PALOMINO CARBONEL,<br><br>　　　　Defendant. | CV 20-08078 TJH (PLAx)<br><br>Order<br>and<br>Judgment<br>JS-6 |

　　　The Court has considered Plaintiff Innovative Sports Management, Inc.'s ["Innovative"] renewed motion for default judgment [dkt. # 16] and motion to dismiss its remaining claims [dkt. # 17], together with the moving papers.

　　　Innovative holds the exclusive domestic distribution rights to *Peru v. Ecuador* ["the Program"], which was broadcast nationwide on September 5, 2019.

　　　On September 3, 2020, Innovative filed this action, alleging that Defendant Catherine Ingrid Palomino Carbonel, d.b.a. Pisco Sour Market ["Carbonel"], displayed the Program without a license at Pisco Sour Market, the restaurant that she owns. Innovative alleged four claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable

communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Violation of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq*.

Carbonel never appeared in this action. On December 21, 2020, the Clerk of Court entered her default.

Innovative, now, moves for default judgment with respect to its conversion and unfair competition claims, and, also, moves to dismiss its remaining claims.

**Default Judgment**

When reviewing this motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether Carbonel's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege: (1) That Innovative owned or had the right to possess the property at issue; (2) Wrongful disposition of the property right by Carbonel; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981).

Innovative alleged that it possesses the exclusive domestic license to distribute the Program; that Carbonel was the owner and/or operator of Pisco Sour Market when it exhibited the Program; and that Carbonel directed or permitted the employees of Pisco Sour Market to exhibit the Program, or exhibited it herself, without Innovative's permission. Those alleged facts are sufficient to establish liability for conversion.

Regarding the fourth factor, Innovative requested $750.00 in damages for its conversion claim. Innovative provided evidence that Carbonel would have had to pay a licensing fee of $750.00 to lawfully display the Program, which is the proper measure of damages for a conversion claim, pursuant to Cal. Civ. Code § 3336.

Because Innovative did not seek additional damages for its unfair competition claim, the Court will dismiss that claim without prejudice.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the complaint regarding liability as true, and Carbonel failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that Carbonel's inaction was due to excusable neglect. She never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment.

**Damages**

Innovative sought $750.00 in conversion damages. Generally, upon default, the facts alleged in the complaint, except for facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Pursuant to Cal. Civ. Code § 3336, damages for conversion are based on the property's value at the time of the conversion. Innovative provided an affidavit from investigator Mario Galvez, which stated that he observed the Program being displayed at the Pisco Sour Market on two screens, and that he estimated the maximum capacity at about 20 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee for the Program. For a venue with a capacity of between 1 and 50 people, the licensing fee was $750.00. Consequently, Innovative established its conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its Bill of Costs. Costs

will be awarded pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend its complaint with leave of Court. Here, Innovated moved to dismiss its claims arising under 47 U.S.C. § 605 and 47 U.S.C. § 553. There is no reason for the Court to deny leave. Fed. R. Civ. P. 15(a)(2).

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Granted as to the conversion claim.

It is further Ordered that all other claims be, and hereby are, Dismissed.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby is, Entered in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendant Catherine Ingrid Palomino Carbonel, d.b.a. Pisco Sour Market, in the amount of $750.00.

It is further Ordered that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: February 25, 2022

Terry J. Hatter, Jr.
Senior United States District Judge